**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EAST SIDE SANITATION SERVICE, INC., Respondent.**

**No. 78–1215.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 1980.

Elliott Moore, Arnold Podgorsky, Richard B. Bader, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for the N. L. R. B.

John T. Landwehr, Patrick J. Johnson, Eastman, Stitcher, Smith & Bergman, Toledo, Ohio, for respondent.

Before CELEBREZZE and MARTIN, Circuit Judges, and JOINER, District Judge.*

### ORDER

This case is before the court upon the application of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, for enforcement of its order issued against East Side Sanitation Service. The Board's decision and order are reported at 234 NLRB No. 168

* Honorable Charles W. Joiner, U. S. District Judge, U. S. District Court for the Eastern Dis-

(1978). The Board found that the Company had violated Section 8(a)(1) of the Act by threatening and coercively interrogating employees about their union activities, and by prohibiting employees from discussing the union. The Board also held that the Company violated Section 8(a)(3) and (1) of the Act by laying off five employees because of their union activities. The Board's order requires the Company to cease and desist from these unfair labor practices and to recognize and bargain upon request with the Union (International Brotherhood of Teamsters, Chauffers, Warehouseman and Helpers of America, Local 20). The Order also requires the Company to offer three of the laid off employees reinstatement to their former positions, and to make all five of the laid off employees whole for any loss of earnings they suffered by reason of the discrimination against them.

■ The Board's decision to assert jurisdiction in this case was based upon the application of its own discretionary guidelines to the facts of this case. The jurisdictional standards for non-retail enterprises as set forth in *Siemon's Mailing Service Co.*, 122 NLRB 81 (1958), require annual direct or indirect inflow or outflow of goods or services across state lines of at least $50,-000.00. The Board did not abuse its discretion in including the non-recurring capital expenditures of $82,527.83 for the purchase of two garbage trucks when it calculated the jurisdictional figure for the Company. This action is not a substantial departure from that taken in seemingly like cases and therefore the Board's exercise of discretion in asserting jurisdiction must be affirmed. *See NLRB v. Austin Development Center*, 606 F.2d 785 (7th Cir. 1979); *NLRB v. Highview, Inc.*, 590 F.2d 174 (5th Cir. 1979).

■ After a review of the entire record, we conclude that substantial evidence exists to support the Board's findings of unfair labor practices by the Company. Indeed, substantial evidence also supports the

trict of Michigan, sitting by designation.

Board's conclusion that those unfair labor practices were so "substantial and pervasive" as to cause a probable dissipation in the union's majority status, thereby requiring the issuance of a bargaining order. *See, e. g., Chromalloy v. NLRB*, 620 F.2d 1120 (5th Cir. 1980).

Accordingly, it is ORDERED that the Board's order be enforced in all respects.